# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHAEL TERREAL DAVIS,

      Defendant-Appellant.

UNPUBLISHED
July 24, 2018

No. 337221
Wayne Circuit Court
LC No. 13-010643-01-FC

---

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant, Michael Davis, was convicted by a jury of second-degree murder, MCL 750.317, two counts of unlawful imprisonment, MCL 750.349b, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Davis was originally sentenced as a third habitual offender, MCL 769.11, to concurrent terms of 28 to 50 years' imprisonment for the second-degree murder conviction and 10 to 15 years' imprisonment for the two unlawful imprisonment convictions, to be served consecutive to a term of two years' imprisonment for the felony-firearm conviction. Following a *Crosby*[1] remand from this Court,[2] the trial court determined that it would not have imposed a materially different sentence under the advisory sentencing guidelines, but, considering Davis's prison record, it nevertheless determined that it would resentence him to 25 to 50 years for the second-degree murder conviction. Because the trial court failed to follow the *Crosby* remand procedure set forth in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), we reverse and remand for further proceedings.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] *People v Davis*, unpublished per curiam opinion of the Court of Appeals, issued May 24, 2016 (Docket No. 325565).

## I. BASIC FACTS

Davis's convictions arise out of the murder of Delano Applewhite. On October 23, 2012, Davis accused Applewhite and Applewhite's girlfriend of selling him heroin that had been mixed with an additive. He ordered both into the trunk of his vehicle and began driving. Applewhite managed to open the trunk and jump out. He began running across a vacant field, and Davis's girlfriend (who had been following Davis's vehicle in her own vehicle) attempted to run him over to keep him from escaping. Applewhite was able to slide over the hood of her vehicle and continue running; however, as he was fleeing Davis shot him three times and Applewhite died.

In a prior appeal, this Court affirmed Davis's convictions, but remanded for a *Crosby* proceedings because the trial court used judicial fact-finding when it scored offense variables (OVs) 5, 7, 8, and 14. On remand, Davis notified the court that he was seeking resentencing, and a hearing was held on the matter. The trial court stated at the hearing that it did not see anything that it would "weigh differently," but it nevertheless resentenced Davis based on his good behavior in jail. Therefore, it reduced Davis's sentence for second-degree murder from 28 to 50 months to 25 to 50 months.

This appeal follows.

## II. INEFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Davis argues that his lawyer provided ineffective assistance at the *Crosby* hearing because he failed to object to the court's decision to score the sentencing guidelines using judicial fact-finding. To preserve a claim of ineffective assistance of counsel, a defendant must move for a new trial or a *Ginther*[3] hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Because Davis failed to do so, his claim of error is unpreserved and our review is "limited to mistakes apparent on the record." See *id*.

### B. ANALYSIS

In order to establish that his lawyer provided ineffective assistance, Davis must establish (1) that his lawyer provided deficient assistance, i.e., that his performance "fell below an objective standard of reasonableness," and (2) that he was prejudiced by his lawyer's deficient performance, i.e. "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864 (quotation marks and citation omitted).

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

On appeal, Davis argues his lawyer's performance was deficient because he agreed that the sentencing guidelines were scored properly. He contends that this decision was erroneous because under *Lockridge* the use of judicial fact-finding is impermissible. We disagree.

*Lockridge* held that the sentencing guidelines violated the Sixth Amendment only to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *Lockridge*, 498 Mich at 364. The *Lockridge* Court made clear, however, that its "holding . . . does nothing to undercut the requirement that the highest number of points possible *must be* assessed for all OVs, *whether using judge-found facts or not.*" *Id*. at 392 n 28 (second emphasis added). Stated differently, the constitutional violation identified in *Lockridge* was remedied by making the sentencing guidelines advisory, not by eliminating the use of judicial fact-finding when scoring the guidelines. *People v Steanhouse*, 500 Mich 453, 461-462; 902 NW2d 327 (2017). Davis's claim that his lawyer provided ineffective assistance because he failed to object to judicial fact-finding is, therefore, without merit. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (stating that a lawyer's failure to "advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel").

Nevertheless, we conclude that reversal of the trial court's amended judgment of sentence is necessary. In *Lockridge*, our Supreme Court explained:

> To make a threshold showing of plain error that could require resentencing, a defendant must demonstrate that his or her OV level was calculated using facts beyond those found by the jury or admitted by the defendant and that a corresponding reduction in the defendant's OV score to account for the error would change the applicable guidelines minimum sentence range. If a defendant makes that threshold showing and was not sentenced to an upward departure sentence, he or she is entitled to a remand to the trial court for that court to determine whether plain error occurred, i.e., whether the court would have imposed the same sentence absent the unconstitutional constraint on its decision. *If the trial court determines that it would not have imposed the same sentence but for the constraint, it must resentence the defendant.* [*Lockridge*, 498 Mich at 399 (emphasis added).]

However, "in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the '*circumstances existing at the time of the original sentence.*' " *Id*. at 398 (citation omitted; emphasis added).

In this case, the trial court erred by resentencing Davis on the basis of circumstances *that did not exist* at the time of the original sentence, i.e., on the basis of his good behavior between his original sentencing and the *Crosby* proceedings. Specifically, at the *Crosby* hearing, the court stated that it believed it had originally sentenced Davis correctly, and that "on reflection . . . I didn't see that there was anything that . . . I didn't consider that I would weigh differently . . . ." Because the court concluded that, based on the circumstances that existed when the original sentence was imposed, it would have not imposed a materially different sentence, it was not entitled to resentence Davis based on circumstances arising *after* he was originally sentenced.

Thus, the court's decision to reduce Davis's minimum sentence by three years based on his good behavior in prison was improper. Because resentencing was not warranted, we reverse the amended judgment of sentence and remand for further proceedings. On remand, the trial court shall enter a judgment of sentence reinstating Davis's original sentence.

Reversed and remanded. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra